# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE L. POWELL,

    Petitioner,                     2: 08-cv-0819-KJD-RJJ

vs.

                                     **ORDER**

HOWARD SKOLNIK, *et al.*,

    Respondents.

       This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Respondents filed an answer to the petition on November 13, 2008, (Docket # 12) and on January 26, 2009, petitioner filed a response to that answer (Docket #18). The case is now before the court for decision on the merits.

## PROCEDURAL HISTORY

       On August 29, 2006, in the Eighth Judicial District Court, petitioner pleaded guilty to burglary and grand larceny, pursuant to a signed plea agreement. (Docket #13-2, Exhibit 10.) The state retained the full right to argue for any lawful sentence, including habitual criminal status. *Id*. On October 9, 2006, the state filed a sentencing memorandum detailing petitioner's extensive criminal history. (Docket #13-3, Exhibit 11.) On October 11, 2006, petitioner was adjudged guilty

on both counts and was sentenced to life with the possibility of parole after ten years on count 1, and to another term of life with the possibility of parole after ten years on count 2, to run concurrently with count 1.  (Docket #13-6, Exhibit 12.)   The judgment of conviction was filed on October 19, 2006.  *Id*.

Petitioner did not file a direct appeal.  On March 29, 2007, petitioner filed a *pro se* petition for writ of habeas corpus (post-conviction) in the District Court.  (Docket #13-6, Exhibit 16.)  The court denied the petition, entering an order on July 16, 2007.  (Docket #13-7, Exhibit 19.)  Petitioner appealed the District Court's ruling to the Nevada Supreme Court, which affirmed the lower court's decision on December 21, 2007.  (Docket #13-7, Exhibit 21.)

**LEGAL STANDARDS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)).  The AEDPA "modified a federal habeas court's role in

reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his sole ground for relief, petitioner contends that he was deprived of his right to effective assistance of counsel under the Sixth and Fourteenth Amendments. Petitioner argues that counsel was ineffective for failing to effectively argue that his sentence was egregiously extreme.

3

He also argues that counsel was ineffective because counsel assured him that by pleading guilty, he would receive a more favorable sentence.  Petitioner also contends that his guilty plea was entered involuntarily, because the plea was entered based on counsel's assurances that a lesser sentence would be imposed if he pleaded guilty.

In affirming the District Court's ruling on petitioner's two contentions, the Nevada Supreme Court held as follows:

> Appellant contended that his counsel assured him that if he pleaded guilty, he would receive a favorable sentence.  Appellant further claimed that due to his counsel's failure to adequately advise him of the range of sentences which could be imposed, appellant did not enter the guilty plea knowingly and voluntarily.  These claims are without factual support. [Footnote omitted.] Appellant acknowledged in the written guilty plea agreement and at the plea canvass that the State retained the right to seek habitual criminal adjudication, and if so adjudicated, appellant could received a sentence of 10 years to life.  Appellant also acknowledged in the written plea agreement and at the plea canvass that his sentence was to be determined by the court and he entered the guilty plea agreement knowingly and voluntarily.  Appellant's subjective belief as to a potential sentence is insufficient to invalidate his guilty plea as involuntary and unknowing. [Footnote omitted.]   Accordingly, the district court did not err in denying appellant's claims, and we affirm the denial of these claims.

(Docket #13-7, Exhibit 21.)

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id*. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's

1 conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668,
2 687, 104 S.Ct. 2052, 2064 (1984); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994).

3           Second, the petitioner must demonstrate that "there is a reasonable probability that,
4 but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694.
5 Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial,
6 one whose result is reliable. *Strickland*, 466 U.S. at 688.  The court must evaluate whether the entire
7 trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *Id.; Quintero-*
8 *Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1356, 1461 (9th Cir. 1994).

9           A plea of guilty is constitutionally valid only to the extent it is "voluntary" and
10 "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). In determining whether a plea was
11 knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption
12 of verity to the declarations made by a defendant in open court. *Blackledge v. Allison*, 431 U.S. 63,
13 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea]
14 hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier
15 in any subsequent collateral proceedings." *Id*. at 73-74. Furthermore, Petitioner's allegations of a
16 coerced plea must be specific and point to a real possibility of a constitutional violation.
17 "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary
18 dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. at 74, *citing*
19 *Machibroda v. United States*, 368 U.S. 487, 495-496 (1962); *Price v. Johnston*, 334 U.S. 266,
20 286-287 (1948).

21           Ineffective assistance of counsel claims are analyzed under the "unreasonable
22 application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058,
23 1062 (2000).  The habeas corpus applicant bears the burden to show that the state court applied
24 United States Supreme Court precedent in an objectively unreasonable manner.  *Price v. Vincent*,
25 538 U.S. 634, 640 (2003).    In the present case, the court finds that petitioner has failed to carry this
26 burden.  To the contrary, this court finds that the Nevada Supreme Court correctly identified the

5

controlling law and applied it in an objectively reasonable manner in regard to petitioner's ineffectiveness claim.  Similarly, the court finds that in regard to his claim that his plea was involuntary, petitioner has failed to carry his burden of showing that the Nevada Supreme Court's analysis of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).   The Nevada Supreme Court's application of the controlling law to the undisputed facts of the case regarding the entry of the plea resulted in a decision which this court finds no basis to reverse.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED**.  The Clerk of the Court is directed to enter judgment for respondents and to close this case.

DATED: January 8, 2010.

_____
UNITED STATES DISTRICT JUDGE